IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ARISTEO BLAS-LOPEZ, ANTONIO DE JESUS CHAVEZ-RESENDIZ, PAZ VARGAS-GONZALEZ, MIGUEL ANGEL ROJO-TREJO, EMILIANO JUAREZ-TREJO, JAIRO PEREZ-GONZALEZ, and PEDRO MARTINEZ-GONZALEZ, on behalf of themselves and all other similarly situated persons, | ) ) ) ) ) ) ) ) | |
| | ) | Complaint |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | CLASS ACTION |
| POLTER BERRY FARM, INC., DAN L. POLTER, CAROL POLTER, STEVE POLTER, ANTHONY L. POLTER, and PEDRO LOPEZ, | ) ) ) | CIVIL ACTION NO.: |
| | ) | |
| Defendants. | ) | |
| ———————————————— | ) | |

## I.  PRELIMINARY STATEMENT

1.    Plaintiffs Aristeo Blas-Lopez, Antonio De Jesus Chavez-Resendiz, Paz Vargas-Gonzalez, Miguel Angel Rojo-Trejo, Emiliano Juarez-Trejo, Jairo Perez-Gonzalez, and Pedro Martinez-Gonzalez ("the plaintiffs") are migrant agricultural workers recruited by defendants' authorized agents in Mexico in 2016 and 2017 to work on defendants' berry and vegetable farm under the H-2A guestworker program in and around Sandusky County, Ohio.  All plaintiffs except plaintiffs Jairo Perez-Gonzalez and Pedro Martinez-Gonzalez file this action as a collective action under 29 U.S.C. §216(b) of the Fair Labor Standards Act ("FLSA"), and as a collective action under Section 34a of Article II, Ohio Constitution (hereinafter referred to as "Section 34a") and R.C. § 4111.14.  All named plaintiffs file this action as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure based upon the common law

1

of contracts and violation of their contracts of employment under the H-2A program.

2. Defendants violated the Fair Labor Standards Act, Section 34a and R.C. § 4111.14, and the common law of contracts by failing to pay each Plaintiff free and clear at least the required minimum hourly wage for every compensable hour of labor performed in the first workweek and in each workweek that the Defendants employed the Plaintiffs in both 2016 and 2017 by authorizing farm labor contractor, supervisor and agent Pedro Lopez to make a de facto wage deduction in the form of a payments from the Plaintiffs and the employees that they seek to represent as a condition of their employment under the H-2A program in Ohio in both 2016 and 2017.

3. Defendants also breached their employment contracts with Plaintiffs by failing to pay free and clear each Plaintiff at least the required minimum hourly wage under the adverse effect wage rate ("AEWR") promulgated by the U.S. Department of Labor ("DOL") pursuant to 20 C.F.R. §§ 655.122(l) and 655.120 (2010) for every compensable hour of labor performed in the first workweek and/or each workweek that the Defendants employed the Plaintiffs by failing to reimburse Plaintiffs' pre-employment expenses as required by law, and by intimidating, blacklisting, threatening to blacklist, and discriminating against all Plaintiffs in general and discharging Plaintiff Aristeo Blas-Lopez with retaliatory intent in violation of 20 C.F.R. §§ 501.4(a)(5), Section 34a, 29 U.S.C. §§ 215(a)(3) and 216(b), and Ohio R.S. §4111.14(J).

2

4. Plaintiffs seek their unpaid wages and liquidated damages under 29 U.S.C. § 216(b) and Section 34a and R.C. § 4111.14, and plaintiffs also seek actual, incidental, consequential, and compensatory damages, pre- and post-judgment interest, punitive damages, and declaratory relief as alleged based upon the common law of contracts and the violation of 29 U.S.C. § 215(a)(3), Section 34a, and Ohio R.S. § 4111.14(J).

II. <u>JURISDICTION</u>

5. Jurisdiction is conferred upon this Court over all defendants named in this action pursuant to 28 U.S.C. §§1331 and 1337, 29 U.S.C. § 216(b), and 28 U.S.C. §1367(a).

6. This Court has the power to grant declaratory relief pursuant to 28 U.S.C. §§2201 and 2202.

III. <u>VENUE</u>

7. Venue over this action lies in this Court pursuant to 28 U.S.C. §§1391(b)(2), and 29 U.S.C. §216(b). In the three (3) years immediately preceding the date on which this action was filed, the defendants jointly and/or severally employed the named plaintiffs and a substantial number of the member of the collective action and the class of persons that the named plaintiffs seek to represent in one or more of the counties specified in 28 U.S.C. § 115(a) for the first pay periods and other pay periods that the named plaintiffs and those members of the collective actions and the class that the named plaintiffs seek to represent were employed to perform any work at any time in those same workweeks. Therefore, a substantial part of the events

3

or omissions giving rise to the claims of the named plaintiffs and the members of the collective actions and class they seek to represent occurred in the judicial district of the U.S. District Court for the Northern District of Ohio.

IV.    <u>NAMED PLAINTIFFS</u>

8.    In the time period from in or about early April or late March 2017 to the present (except as indicated below), from in or about early April or late March 2016 to on or about November 14, 2016, and from in or about early April to on or about November 14, 2015, the named plaintiffs were and continue to be jointly and severally employed or sought employment under the H-2A program by one or more of the defendants in and around Sandusky County, Ohio and/or one or more other counties in Ohio listed in 28 U.S.C. § 115(a) as follows:

(a)    Plaintiff Aristeo Blas-Lopez ("Aristeo") was jointly and severally employed by the defendants in the planting, cultivation, and/or harvest of strawberries, melons, and other vegetables from on or about April 24, 2016 through on or about November 14, 2016 with an H-2A visa.  Plaintiff Aristeo was also jointly and severally employed by one or more of the defendants in the planting, cultivation, and/or harvest of strawberries and other vegetables from on or about April 24, 2017 until August 11, 2017 with an H-2A visa.

(b)    Plaintiff Antonio De Jesus Chavez-Resendiz ("Antonio") was and continues to be jointly and severally employed by the defendants in the planting, cultivation, and/or harvest of

4

strawberries, melons, and other vegetables from on or about April 24, 2017 through the present date with an H-2A visa.

(c) Plaintiff Paz Vargas-Gonzalez ("Paz") was and continues to be jointly and severally employed by the defendants in the planting, cultivation, and/or harvest of strawberries, melons, and other vegetables from on or about April 24, 2017 through the present date with an H-2A visa.

(d) Plaintiff Miguel Angel Rojo-Trejo ("Miguel") was and continues to be jointly and severally employed by the defendants in the planting, cultivation, and/or harvest of strawberries, melons, and other vegetables from on or about April 24, 2017 through the present date with an H-2A visa.

(e) Plaintiff Emiliano Juarez-Trejo ("Emiliano") was and continues to be jointly and severally employed by the defendants in the planting, cultivation, and/or harvest of strawberries, melons, and other vegetables from on or about April 24, 2017 through the present date with an H-2A visa.

(f) Plaintiff Jairo Perez-Gonzalez ("Jairo") was jointly and severally employed by the defendants from on or about April 24, 2016 through on or about November 14, 2016 with an H-2A visa.  Plaintiff Jairo also was and continues to be jointly and severally employed by one or more of the defendants in the planting, cultivation, and/or harvest of strawberries and other vegetables from on or about April 24, 2017 through the present date with an H-2A visa.

(g)  Plaintiff Pedro Martinez-Gonzalez ("Pedro") was and continues to be jointly and severally employed by the defendants from on or about April 24, 2016 through on or about November 14, 2016 with an H-2A visa.  Plaintiff Pedro also was and continues to be jointly and severally employed by one or more of the defendants in the planting, cultivation, and/or harvest of strawberries and other vegetables from on or about April 24, 2017 through the present date with an H-2A visa.

9.  In order to obtain the employment that is described in ¶¶8(a)-(g) above and in ¶30 below, the named plaintiffs, the members of the two collective actions defined in ¶¶22-24 and 27-29 below, and the members of the class of workers alleged in ¶34 below that they seek to represent were jointly and severally selected and recruited by defendant Pedro Lopez ("Lopez") in Mexico and transported directly from Mexico to Ohio by or at the direction of or by arrangements made by MAS Labor H-2A, LLC, and/or one or more other authorized agents of the defendants to begin that same employment.

10.  At all times relevant to this complaint, the named plaintiffs the members of the two collective actions defined in ¶¶22-24 and 27-29 below, and the members of the class of workers alleged in ¶34 below that they seek to represent were H-2A agricultural guestworkers admitted into the United States to work for defendants pursuant to the authority of the H-2A program codified at 8 U.S.C. §§ 1101(a)(15)(H)(ii)(A), 1184(c), and 1188(a)(1).

6

V.  <u>DEFENDANTS</u>

11.  At all times on and after January 1, 2015 that are relevant to this action, defendant Polter Berry Farm, Inc. was and is a corporation in good standing duly formed on January 30, 1990 under and in accordance with the laws of the State of Ohio. Polter Berry Farm, Inc. may be served with process through its registered agent for service of process, Danny L. Polter, 2275 County Road(CR) 239, Fremont, Ohio 43420.

13.  At all times relevant to this action, defendant Dan L. Polter and his wife, Carol Polter, did business as Polter Berry Farm, Inc.  At the present time, they reside together at 1015 North County Road 220, Fremont, Ohio 43420.  Their telephone number at that residence is (419)355-8447.  During that period of time, the principal place of business of Polter Berry Farm, Inc. was located at 2275 County Road ("CR") 239, Fremont, Ohio 43420, and its telephone number is (419)332-5890.

14.  Upon information and belief, Polter Berry Farm, Inc. was and is jointly owned and operated by Dan L. Polter, his wife, Carol Polter, and their two sons, Anthony L. Polter, and Steve Polter.  Anthony L. Polter and Steve Polter both presently reside at 2275 County Road #239, Fremont, Ohio 43420, and share a telephone number at that residence of (419)332-5890.

15.  At all times relevant to this action, defendant Pedro Lopez was and is a Mexican citizen who acted as the authorized agent and farm labor contractor for the Polter Berry Farm, Inc. and the individual Polter defendants for the selection,

7

recruitment, and supervision of the Mexican nationals who were to work or are working with H-2A visas each year in 2015, 2016, and 2017 for Polter Berry Farm, Inc.  Upon information and belief, his present residence is located on the property of Polter Berry Farm, Inc. at 2275 County Road ("CR") 239, Fremont, Ohio 43420, and his contact telephone number is (419)332-5890.

16.  At all times relevant to this action, all defendants had the power to hire and fire plaintiffs and the worker members of the members of the two collective actions defined in ¶¶22-24 and 27-29 below, and the members of the class of workers alleged in ¶34 below that they seek to represent.

17.  At all times relevant to this action, all of the individual Polter defendants, and defendant Pedro Lopez were day to day managers with operational control over Polter Berry Farm, Inc.

18.  At all times relevant to this action, defendant Polter Berry Farm, Inc., all of the individual Polter defendants, and defendant Pedro Lopez were and/or are employers (as defined by 29 U.S.C. § 203(d)) of the plaintiffs and the members of the two collective actions defined in ¶¶22-24 and 27-29 below, and the members of the class of workers alleged in ¶34 below that they seek to represent.

19.  At all times relevant to this action, defendant Polter Berry Farm, Inc., all of the individual Polter defendants, and defendant Pedro Lopez were and/or are employers of the named plaintiffs, the members of the two collective actions defined in

8

¶¶22-24 and 27-29 below, and the members of the class of workers alleged in ¶34 below that the named plaintiffs seek to represent under the terms of their respective employment contracts between defendant, the plaintiffs, and pursuant to the terms of the federal regulations set forth in 20 C.F.R. §§ 655.100(b)(2010).

20. For each calendar year in the time period starting with 2014 and continuing through and including 2017, the employment of the plaintiffs, the members of the two collective actions defined in ¶¶22-24 and 27-29 below, and the members of the class of workers alleged in ¶34 below that they seek to represent were part of an enterprise operated by Polter Berry Farm, Inc., or one or more of the individual defendants whose annual gross volume of sales or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that were separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A)(ii).

21. For each calendar year in the time period starting with 2014 and continuing through and including 2017, the employment of the plaintiffs, the members of the two collective actions defined in ¶¶22-24 and 27-29 below, and the members of the class of workers alleged in ¶34 below that they seek to represent was part of an enterprise operated by Polter Berry Farm, Inc., or one or more of the individual defendants engaged in interstate commerce, or in the production of goods for interstate commerce, or that has and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

9

## VI.  FLSA FIRST COLLECTIVE ACTION ALLEGATIONS

22.  Pursuant to the collective action procedure specified at 29 U.S.C. §216(b) and the First Claim for Relief, all named Plaintiffs except plaintiffs Jairo Perez-Gonzalez and Pedro Martinez-Gonzalez file this collective action for each similarly situated person who was jointly employed by all defendants under the H-2A program at any time in the time period starting with the first date in the three (3) year time period immediately preceding the date on which such person files a Consent to Sue in this action pursuant to 29 U.S.C. § 216(b), and ending with the date final judgment is entered in this action.

23.  This FLSA collective action for the First Claim for Relief is on behalf of those members of the FLSA collective action for at least the first workweeks during the time periods covered by each H-2A job order in that same time period under which all named Plaintiffs except plaintiffs Jairo Perez-Gonzalez and Pedro Martinez-Gonzalez and the members of this FLSA collective action performed their work in Ohio for Polter Berry Farm, Inc. under the H-2A program when defendant Pedro Lopez and the Polter defendants required those same named Plaintiffs and the similarly situated employees they seek to represent, as a term and condition of the employment of those same H-2A workers under the H-2A program by the Polter defendants, to pay defendant Lopez a recruiting fee and de facto wage deduction which reduced the weekly wages that those workers received free and clear below the minimum wage required by 29 U.S.C. §§ 206(a) and 216(b).

10

23A.  The *de facto* wage deductions referred to in ¶23 above were illegal under 20 C.F.R. §§ §§ 655.122(m), 655.122(p)(1) and 655.135(j)(2010), 29 C.F.R. §§ 531.2, 531.3(b), 531.3(d)(1), 531.29, 531.32(a), 531.32(c), and 531.35 as to what deductions and charges are permitted to wages paid.

24.  The defendants jointly or severally employed all named Plaintiffs and/or jointly severally employed an unspecified number of other alien workers under the H-2A program to perform manual labor in the form of agricultural labor in the production and harvest of strawberries, melons, and other vegetables for one or more of the Polter defendants in at least the first workweek after those same named Plaintiffs and their other H-2A co-workers arrived in Ohio after their transportation directly from Mexico to Ohio.

25.  This collective action by similarly situated persons under 29 U.S.C. §216(b) is based upon the willful failure of the defendants to pay free and clear to all named Plaintiffs except plaintiffs Jairo Perez-Gonzalez and Pedro Martinez-Gonzalez and the members of this FLSA collective action on or before their regular Friday payday in an amount equal to at least $7.25/hour for each hour or part of hour worked by those same employees in their first workweeks for the defendants as a result of the *de facto* wage deductions and recruiting fees required by defendant Pedro Lopez as a condition of employment with the defendants during the three year time period immediately preceding the date on which this action was filed.

11

26.  As a result of this willful failure of the defendants to pay wages free and clear at the minimum rate required by 29 U.S.C. § 206(a) in the manner required by law, the wages that those same named Plaintiffs and the members of the collective action received receive free and clear from the defendants on or before their regularly scheduled Friday payday for at least the first workweek that those same named Plaintiffs and the members of the collective action performed work in Ohio for the defendants were less than the minimum wage required by 29 U.S.C. §206 on a weekly basis for each hour or part of an hour of actual work that those same named Plaintiffs and each such similarly situated person was jointly or severally employed by the defendants in at least the first workweek of each agricultural season specified in the job orders under which  each such person was so employed.

VII.  SECTION 34a and §4111.14 SECOND COLLECTIVE ACTION ALLEGATIONS

27.  Pursuant to the collective action procedure specified at R.C. § 4111.14(K), Section 34a, and the Second Claim for Relief, all named Plaintiffs except Jairo Perez-Gonzalez and Pedro Martinez-Gonzalez file this collective action on behalf of all similarly situated persons who were or are jointly employed by all defendants under the H-2A program at any time in the time period starting with the first date in the three (3) year time period immediately preceding the date on which such person files a Consent to Sue in this action pursuant to Ohio R.C. § 4111.14(K)(2), and ending with the date final judgment is entered in this action.

12

28.   This collective action pursuant to Ohio R.C. § 4111.14(K) for the Second Claim for Relief is on behalf of those members of that same collective action for at least the first workweeks during the time periods covered by each H-2A job order in that same time period under which all named Plaintiffs except plaintiffs Jairo Perez-Gonzalez and Pedro Martinez-Gonzalez and the members of this R.C. § 4111.14(K) collective action performed their work in Ohio for Polter Berry Farm, Inc. under the H-2A program when defendant Pedro Lopez and the Polter defendants required those same named Plaintiffs and the similarly situated employees they seek to represent, as a term and condition of the employment of those same H-2A workers under the H-2A program by the Polter defendants, to pay defendant Lopez a recruiting fee and de facto wage deduction which reduced the weekly wages that those workers received free and clear below the minimum wage required by Section 34a and Ohio R.C. § 4111.02.

29.   The de facto wage deductions referred to in ¶28 above were illegal under 20 C.F.R. §§ §§ 655.122(m), 655.122(p)(1) and 655.135(j)(2010), 29 C.F.R. §§ 531.2, 531.3(b), 531.3(d)(1), 531.29, 531.32(a), 531.32(c), and 531.35, Section 34a, Ohio R.C. §§ 4111.01(A), 4111.02, 4111.05, and 4111.14, and the provisions of the rules promulgated by the Ohio Director of Commerce pursuant to Ohio R.C. §§ 4111.01(A), 4111.02, and 4111.05 as to what deductions and charges are permitted to wages paid under Section 34a, and Ohio R.C. §§ 4111.01(A), 4111.02 and 4111.14.

13

30.    The defendants jointly or severally employed all named Plaintiffs and/or jointly severally employed an unspecified number of other alien workers under the H-2A program to perform manual labor in the form of agricultural labor in the production and harvest of strawberries, melons, and other vegetables for one or more of the Polter defendants in at least the first workweek after those same named Plaintiffs and their other H-2A co-workers arrived in Ohio after their transportation directly from Mexico to Ohio.

31.    This collective action by similarly situated persons under Ohio R.C.§ 4111.14(K) is based upon the willful failure of the defendants to pay free and clear to all named Plaintiffs except plaintiffs Jairo Perez-Gonzalez and Pedro Martinez-Gonzalez  and the members of this Section 34a and § 4111.14(K) collective action on or before their regular Friday payday in an amount equal to at least $8.10/hour in 2016 and $8.15/hour in 2017 for each hour or part of hour worked by those same employees in their first workweeks for the defendants as a result of the de facto wage deductions and recruiting fees required by defendant Pedro Lopez as a condition of employment with the defendants during the three year time period immediately preceding the date on which this action was filed.

32.    As a result of this willful failure of the defendants to pay wages free and clear at the minimum rate required by Section 34a and the Ohio R.C. § 4111.02 in the manner required by the law, the wages that those same named Plaintiffs and the

14

members of the collective action received receive free and clear
from the defendants on or before their regularly scheduled Friday
payday for at least the first workweek that those same named
Plaintiffs and the members of the collective action performed
work in Ohio for the defendants were less than the minimum wage
required by Section 34a and Ohio R.C. § 4111.02 on a weekly basis
for each hour or part of an hour of actual work that those same
named Plaintiffs and each such similarly situated person was
jointly or severally employed by the defendants in at least the
first workweek of each agricultural season specified in the job
orders under which  each such person was so employed.

VIII. <u>RULE 23(b)(3) CONTRACT AEWR WAGE CLAIM CLASS ALLEGATIONS</u>

33.  The contract AEWR wage claim set forth in the Third
Claim for Relief is brought by all named Plaintiffs and the class
that is defined in ¶34 below on behalf of themselves and all
other similarly situated persons pursuant to Rule 23(b)(3) of the
Federal Rules of Civil Procedure.

34.  In the Third Claim for Relief based in contract, all
named Plaintiffs seek to represent a class consisting of all H-2A
workers who traveled directly from Mexico to Ohio to work for the
defendants in Ohio under the H-2A program, and who performed
temporary or seasonal work in agriculture with an H-2A visa for
one or more workweeks as an employee of the defendants at any
time in the three (3) year time period immediately preceding the
date on which this action was filed and continuing thereafter
until the date on which final judgment is filed in this action,

and to whom the defendants did not pay wages free and clear for all hours or partial hours worked at the adverse effect wage rate ("AEWR") required by 20 C.F.R. §§ 655.120(a) and 655.122(l) because of the defendants' de facto wage deductions that are described in ¶¶28-29 and 31 above.

35. The members of the class alleged in ¶34 above are so numerous and so geographically dispersed as to make joinder impractical. The precise number of individuals in each class is known only to the defendants. However, the members of the class are believed to include over fifty different individuals. Each class is comprised of indigent migrant seasonal agricultural workers who maintain their permanent homes in or around central or northern Mexico. The class members of each class are not fluent in the English language and are unfamiliar with the American judicial system. The relatively small size of the individual claims and the indigence of the class members of each class make the maintenance of separate actions by the class members of each class infeasible.

36. There are questions of law and fact common to each class alleged in ¶34 above. These common legal and factual questions are, among others:

(a) Did the defendants violate the minimum wage and wage payment and clearance order job contract provisions of Section 34a, Ohio R.C. §§ 4111.01(A), 4111.02, 4111.14, and 4113.15(A)-(B), 29 U.S.C. § 206(a), and 20 C.F.R. §§ 655.120(a), 655.122(l), 655.122(m), 655.122(p)(2), and 655.135(j) incorporated by 20

16

C.F.R. § 655.135(e) by requiring the named Plaintiffs and the members of the class defined in ¶34 above to pay the *de facto* wage deductions described in ¶¶28-29 and 31 above?

(b)  Did the Polter defendants violate the minimum wage and wage payment and clearance order job contract provisions of Section 34a, Ohio R.C. §§ 4111.01(A), 4111.02, 4111.14, and 4113.15(A)-(B), 29 U.S.C. § 206(a), and 20 C.F.R. §§ 655.120(a), 655.122(l), 655.122(m), 655.122(p)(2), and 655.135(j) incorporated by 20 C.F.R. § 655.135(e) by authorizing and ratifying the actions of its authorized agent and supervisor, defendant Pedro Lopez, in both requiring the named Plaintiffs and the members of the class defined in ¶34 above to pay the *de facto* wage deductions described in ¶¶28-29 and 31 above, and in retaliating, intimidating, and discriminating against any employee working with an H-2A visa who complained about the actions of defendant Pedro Lopez to one or more of the Polter defendants in 2017 ?

(c)  Were each of the recruiting fee payments described in ¶28-29 and 31 above "primarily for the benefit of" one or more of the defendants within the meaning of 29 U.S.C. § 206(a) and 29 C.F.R. §§ 531.3(d)(1), 532.32(a), and 532.32(c), and the rules promulgated by the Ohio Director of Commerce to define what wage deductions and charges are permitted with respect to wages paid pursuant to Section 34a, and Ohio R.C. §§ 4111.01(A), 4111.02, and 4111.14?

(d)  As a condition of receiving temporary labor certification for the importation of H-2A workers, did defendant

Polter Berry Farm, Inc. or any of the individual Polter defendants contractually forbid defendant Pedro Lopez, their foreign labor contractor and recruiter, whom the Polter Berry Farm, Inc. and the individual Polter defendants engaged, either directly or indirectly, to seek or receive payments or other compensation from the named plaintiffs and other prospective employees in his international recruitment and selection of H-2A workers on behalf of Polter Berry Farm, Inc. and the individual Polter defendants? *See* 20 C.F.R. § 20 C.F.R. §§ 655.135(k)(2010).

37.  The claims of all named Plaintiffs are typical of the claims of the members of the class defined in ¶34 above, and those typical, common claims predominate over any questions affecting only individual class members. All named Plaintiffs have the same interests as to other members of each class defined in ¶34 above and will vigorously prosecute these interests on behalf of each class defined in ¶34 above.

38.  All named Plaintiffs and will fairly and adequately represent the interests of each class defined in ¶34 above.

39.  The undersigned counsel Robert J. Willis of the Law Office of Robert J. Willis, P.A. for all named Plaintiffs has been named counsel for multiple class actions in the past, and both he and Stephen B. Johnston of the Law Offices of Stephen B. Johnston are experienced litigators. Counsel for the named plaintiffs is prepared to advance litigation costs necessary to vigorously litigate this action and to provide notice to the members of the class defined in ¶34 above under Rule 23(b)(3).

18

40. A class action under Rule 23(b)(3) is superior to other available methods of adjudicating this controversy because, *inter alia*:

(a) The common issues of law and fact, as well as the relatively small size of the individual claims of each member of the class defined in ¶34 above, substantially diminish the interest of members of the class defined in ¶34 above in individually controlling the prosecution of separate actions;

(b) Many members of the class defined in ¶34 are unaware of their rights to prosecute these claims and lack the means or resources to secure legal assistance;

(c) There has been no litigation already commenced against any of the defendants by the members of the class defined in ¶34 above to determine the questions presented;

(d) It is desirable that the claims be heard in this forum because all of the Polter defendants reside in this district, defendant Lopez has both worked and resided in and continues to work and reside in this district for most of this and at least the preceding two (2) calendar years, and the cause of action arose in this district;

(e) A class action can be managed without undue difficulty because the defendants regularly committed the violations complained of herein, and were required to maintain detailed records concerning each member of the class.

IX. <u>STATUTORY AND REGULATORY STRUCTURE OF THE H-2A PROGRAM</u>

41.   The   H-2A   program   was   created   by   8   U.S.C.   §§ 1101(a)(15)(H)(ii)(A) and was implemented after 2010 pursuant to regulations found at 20 C.F.R. §§ 655.100-655.185.   The H-2A program   authorizes   the   lawful   admission   of   temporary,   non-immigrant workers to perform agricultural labor or services of a temporary nature.

42.   Because of the lack of available documented workers in the areas of the operations of defendant Polter Berry Farm, Inc. in   an   around   Sandusky   County,   Ohio,   the   individual   Polter defendants   applied   for   temporary   certification   by   the   U.S. Department of Labor ("DOL") to employ temporary foreign workers through the H-2A program, including applications submitted seeking workers for employment in each year from 2015 through 2017.

43.   Depending   upon   the   date   of   application,   each   such application   must   include   a   job   offer   that   complies   with   the requirements of 20 C.F.R. §§ 655.122 and 653.501 (2010), and must include   an   agreement   to   abide   by   the   assurances   required   by   20 C.F.R. § 655.135 (2010).   The job offer, commonly referred to as a "clearance order" or "job order", is used to recruit both United States and foreign nationals for H-2A visas.

44.   In the years from 2015 to and including 2017 for those years   in   which   any   of   the   named   Plaintiffs   were   jointly   or severally employed as H-2A workers by the defendants, the terms and conditions in the job order became the employment contract between   the   defendants,   one   or   more   of   the   seven   (7)   named Plaintiffs,   and   the   members   of   the   collective   action   and   classes

20

that the named Plaintiffs seek to represent. 20 C.F.R. § 635.122(q).

45. As a condition of receiving temporary labor certification for the importation of H-2A workers, agricultural employers like the defendants are required to pay the highest of the "adverse effect wage rate" (AEWR), or the federal or state minimum wage. 20 C.F.R. § 20 C.F.R. §§ 655.120 and 655.122(l)(2010).

46. As a condition of receiving temporary labor certification for the importation of H-2A workers, agricultural employers like the Polter Berry Farm defendants are required to contractually forbid any foreign labor contractor or recruiter like defendant Pedro Lopez whom the Polter Berry Farm, Inc. and the individual Polter defendants engaged, either directly or indirectly, in the international recruitment of H-2A workers to seek or receive payments or other compensation from the named plaintiffs and other prospective employees. 20 C.F.R. § 20 C.F.R. § 655.135(k)(2010).

47. At all times during the time period from January 1, 2005 to the present, agricultural employers like the Polter Berry Farm defendants who employed H-2A workers were and are required to "keep accurate and adequate records" of workers' earnings. 20 C.F.R. § 655.122(j)(1)(2010).

48. In each of their H-2A contracts in at least calendar years 2015 through and including 2017, the Polter Berry Farm defendants promised that each worker employed pursuant to the

21

terms of the clearance order contract they filed with the U.S. Department of Labor would earn at least the minimum wage rate required by 29 U.S.C. § 206(a), the minimum wage required by Section 34a and R.C. §§ 4111.01(A), 4111.02, 4111.14, or the AEWR, whichever was higher. Exhibits A-D attached at sections entitled "Wage Rates, Special Pay Information and Deductions" or "Wage Rates/Pay Information".

49. In each of their H-2A contracts contained in the H-2A labor certification applications that they made in at least calendar years 2015 through and including 2017, the Polter Berry Farms defendants promised that each worker would be paid all wages due on a weekly basis on Friday.  Exhibits A-D attached at sections entitled "Wage Rates, Special Pay Information and Deductions" or "Wage Rates/Pay Information", Attachment 1, Item 18.

50. In each of their H-2A contracts contained in the H-2A labor certification applications that they made in at least calendar years 2015 through and including 2017, the Polter Berry Farm defendants also promised that the weekly wages to be paid each worker would not be subject to any wage deduction other than as required by law or for advances and/or loans to workers by pre-authorized payroll deductions, and that any wage deductions that were made would be made in accordance with FLSA regulations. Exhibits A-D attached at sections entitled "Wage Rates, Special Pay Information and Deductions" or "Wage Rates/Pay Information".

51.   In their H-2A contracts for calendar years 2015-07, the Polter Berry Farm defendants promised that they would not terminate the employment of any H-2A worker except for lawful job-related reasons specified in the clearance order contract.   See Exhibits A-D attached, "General Conditions" in Attachment 2 of the Clearance Order contract.

52.   In each of their H-2A contracts for calendar years after 2015 through November 14, 2017, those same Polter Berry Farm defendants promised to reimburse H-2A workers for the reasonable cost of outbound transportation on or before the last payday to the extent necessary to insure that the wages of those same workers' in the last workweek of work performed for those defendants in Ohio did not fall below the minimum hourly wage rate required by 29 U.S.C. § 206(a), the minimum wage required by Section 34a and R.C. §§ 4111.02 and 4111.14, and the AEWR for the hours worked in that last workweek.   Attachment 1 to Exhibits A-D attached, Item 19, at section entitled "Transportation Arrangements".

53.   In each of their H-2A contracts from at least calendar years 2015 through the present, the Polter Berry Farm defendants promised to abide by the assurance regulations at 20 C.F.R. § 655.135(2010), and at 20 C.F.R. § 653.501 (2008), which govern the labor certification process for H-2A "employers" and "joint employers" as those terms are defined by 20 C.F.R. 655.103(b)(2010).   Exhibits A-D attached at section entitled "20 CFR 653.501 Assurances".

23

X.    <u>STATEMENT OF FACTS</u>

54.   For each strawberry, vegetable, and melon planting, seeding, cultivating, and harvest season that occurred in calendar years 2015 through and including 2017, the Polter Berry Farm defendants imported and employed the members of the two collective actions defined in ¶¶22-24 and 27-29 below, and the members of the class of workers alleged in ¶34 below that the named plaintiffs seek to represent under job order contracts to perform strawberry, vegetable, and melon planting, seeding, cultivating, and harvest work.

55.   A true and correct copy of the job order contracts for the strawberry, vegetable, and melon planting, seeding, cultivating, and harvest seasons in calendar years 2015 through and including calendar year 2017 are attached marked as Exhibits A through D.

55A.  In 2015, 2016, and 2017, defendant Polter Berry Farm, Inc. and the individual Polter defendants engaged or used defendant Pedro Lopez, either directly or indirectly, to perform the international recruitment of the named plaintiffs, and all members of both collective actions, and the Rule 23(b)(3) class action persons to be employed under the H-2A program with an H-2A visa by defendant Polter Berry Farm, Inc. in each of those same three (3) years.

55B.  In 2015, 2016, and 2017, upon information and belief, defendant Polter Berry Farm, Inc. and the individual Polter defendants did not contractually forbid defendant Pedro Lopez whom

24

the Polter Berry Farm, Inc. and the individual Polter defendants engaged, either directly or indirectly, in the international recruitment of those same H-2A workers to seek or receive payments or other compensation from the named plaintiffs and other prospective H-2A employees. 20 C.F.R. § 655.135(k).

56.  Plaintiffs Aristeo Blas-Lopez, Pedro Martinez-Gonzalez, and Jairo Perez-Gonzalez were employed by the defendants under the terms of the 2016 and 2017 strawberry, vegetable, and melon planting, seeding, cultivating, and harvest job orders that are attached marked as Exhibits A-C.

57.  Plaintiffs Antonio De Jesus Chavez-Resendiz, Paz Vargas-Gonzalez, Miguel Angel Rojo-Trejo, and Emiliano Juarez-Trejo were employed by the defendants under the terms of the 2017 strawberry, vegetable, and melon planting, seeding, cultivating, and harvest job order(s) attached marked as Exhibits A-B.

58.  In each calendar year from 2015 through and including 2017, each employment contract of the defendants under the H-2A program contained an "Employer's Certification" that stated: "this job order describes the actual terms and conditions of the employment being offered by me and contains all the material terms and conditions of the job." Exhibits A-D attached in Form ETA 790.

59.  In each calendar year from 2015 through and including 2017, the "Employer's Certification" in each employment contract of the defendants was signed by defendant Anthony Polter as "Farm Manager.  Exhibits A-D attached in Form ETA 790 at "Employer's Certification".

25

60.  In the 2015 planting season employment contract of the Polter Berry Farm defendants, those same defendants promised to pay free and clear on each weekly Friday payday the applicable AEWR which was $11.61 per hour.

61.  The 2016 strawberry, vegetable, and melon planting, seeding, cultivating, and harvest season employment contract of the Polter Berry Farm defendants, those same defendants promised to pay free and clear on each weekly Friday payday the applicable AEWR which was $12.07 per hour.

62.  The 2017 harvest season employment contracts of the Polter Berry Farm defendants, those same defendants promised to pay free and clear on each weekly Friday payday the applicable AEWR which was $13.01 per hour.

63.  For each strawberry, vegetable, and melon planting, seeding, cultivating, and harvest season that occurred in calendar years 2015 through and including 2017, defendant Polter Berry Farm, Inc. and the individual Polter defendants (collectively the "Polter defendants") retained and paid defendant Pedro Lopez as their agent, farm labor contractor, and supervisor to select and recruit those Mexican nationals who were to be employed by the Polter defendants to work on a particular season's employment contract with an H-2A visa for the Polter defendants.

64.  In each of the 2015, 2016, and 2017 seasons during which the Polter defendants employed defendant Pedro Lopez in this way, defendant Lopez required as a condition of employment that any Mexican worker who desired to be selected and recruited for H-

26

2A employment by Lopez for the Polter defendants in the next calendar year pay defendant Lopez in the year immediately preceding the year in which the worker desired to obtain employment sums that varied from $100 for re-employment in 2017 to $200 to $250 for re-employment in 2018.

65.  In addition, defendant Lopez required as a condition of employment that plaintiffs Emiliano Juarez-Trejo, Paz Vargas-Gonzalez, Antonio De Jesus Chavez-Resendiz, and Miguel Angel Rojo-Trejo each pay Lopez USD $3,000.00

66.  At all times relevant to this action, defendant Pedro Lopez was and continues to be a Mexican citizen employed and used by the Polter defendants as their agent to select, recruit, and supervise the workers to be employed and who were actually employed by the Polter defendants at Polter Berry Farm, Inc. under the H-2A program.

67.  In calendar years 2015 through 2017, the Polter defendants did not pay Pedro Lopez for the work he performed in the selection and recruiting of the Mexican workers to be employed by the Polter defendants under the H-2A program.

68.  In 2016, in the first workweek of plaintiff Aristeo's H-2A employment by the defendants, defendant Pedro Lopez, with the authorization and knowledge of one of more of the Polter defendants, required plaintiff Aristeo and most of the 35 other H-2A workers who were then employed at Polter Berry Farm, Inc. to kickback $100 in cash of the total of approximately $180 that plaintiff Aristeo and each of those H-2A workers received from

27

defendant Polter Farm, Inc. for their work in the same workweek in which defendant Lopez required them to make that payment as a term and condition of their employment at Polter Berry Farm, Inc. for the 2017 strawberry, melon, and vegetable planting, cultivation, and harvest season in and around Fremont, Ohio.

69. For the workweek that is described in ¶68 above, plaintiff Aristeo and most of the 35 other H-2A workers who were then employed at Polter Berry Farm, Inc. performed substantially more than 11.5 hours of work for Polter Berry Farm, Inc. in that workweek. As a result, the defendants did not pay wages free and clear to plaintiff Aristeo and most of those other 35 other H-2A worker at the minimum rate required by 29 U.S.C. § 206(a), Section 34a, and Ohio R.C. §§ 4111.01(A) and 4111.14 for the quantity of hours worked by those same employees in that same workweek.

70. In or about June 2017, in the first workweek of plaintiff Antonio's H-2A employment by the defendants, defendant Pedro Lopez, with the authorization and knowledge of one of more of the Polter defendants, required, as a term and condition of the defendants' H-2A employment of plaintiff Antonio for the 2017 season for Polter Berry Farm, Inc., to pay $3,000.00 in cash as a recruiting fee to Pedro Lopez.

71. For the workweek that is described in ¶70 above, plaintiff Antonio performed many hours less than 200 hours of work for Polter Berry Farm, Inc. in the workweek in which he paid defendant Pedro Lopez that $3,000 recruiting fee. As a result, the defendants did not pay wages free and clear to plaintiff

28

Antonio at the minimum rate required by 29 U.S.C. § 206(a), Section 34a, and Ohio R.C. §§ 4111.01(A) and 4111.14 for the quantity of hours worked by plaintiff Antonio in that same workweek.

72. In or about June 2017, in the first workweek of plaintiff Paz's H-2A employment by the defendants, defendant Pedro Lopez, with the authorization and knowledge of one of more of the Polter defendants, required, as a term and condition of the defendants' H-2A employment of plaintiff Paz for the 2017 season for Polter Berry Farm, Inc., to pay $3,000.00 in cash as a recruiting fee to Pedro Lopez.

73. For the workweek that is described in ¶72 above, plaintiff Paz performed many hours less than 200 hours of work for Polter Berry Farm, Inc. in the workweek in which he paid defendant Pedro Lopez that $3,000 recruiting fee. As a result, the defendants did not pay wages free and clear to plaintiff Paz at the minimum rate required by 29 U.S.C. § 206(a), Section 34a, and Ohio R.C. §§ 4111.01(A) and 4111.14 for the quantity of hours worked by plaintiff Paz in that same workweek.

74. In or about June 2017, in the first workweek of plaintiff Miguel's H-2A employment by the defendants, defendant Pedro Lopez, with the authorization and knowledge of one of more of the Polter defendants, required, as a term and condition of the defendants' H-2A employment of plaintiff Miguel for the 2017 season for Polter Berry Farm, Inc., to pay $3,000.00 in cash as a recruiting fee to Pedro Lopez.

29

75.  For the workweek that is described in ¶74 above, plaintiff Miguel performed many hours less than 200 hours of work for Polter Berry Farm, Inc. in the workweek in which he paid defendant Pedro Lopez that $3,000 recruiting fee.  As a result, the defendants did not pay wages free and clear to plaintiff Miguel at the minimum rate required by 29 U.S.C. § 206(a), Section 34a, and Ohio R.C. §§ 4111.01(A) and 4111.14 for the quantity of hours worked by plaintiff Miguel in that same workweek.

76.  In or about June 2017, in the first workweek of plaintiff Emiliano's H-2A employment by the defendants, defendant Pedro Lopez, with the authorization and knowledge of one of more of the Polter defendants, required, as a term and condition of the defendants' H-2A employment of plaintiff Emiliano for the 2017 season for Polter Berry Farm, Inc., to pay $3,000.00 in cash as a recruiting fee to Pedro Lopez.

77.  For the workweek that is described in ¶76 above, plaintiff Emiliano performed many hours less than 200 hours of work for Polter Berry Farm, Inc. in the workweek in which he paid defendant Pedro Lopez that $3,000 recruiting fee.  As a result, the defendants did not pay wages free and clear to plaintiff Emiliano at the minimum rate required by 29 U.S.C. § 206(a), Section 34a, and Ohio R.C. §§ 4111.01(A) and 4111.14 for the quantity of hours worked by plaintiff Emiliano in that same workweek.

78.  When confronted by plaintiff Aristeo and by the union representative of plaintiff Aristeo in 2017 with the actions of

defendant Pedro Lopez that are described in ¶¶68-77 above, inclusive, the Polter defendants did not take any disciplinary action against defendant Lopez. Instead, the Polter defendants discharged plaintiff Aristeo on or about August 11, 2017 on the retaliatory and discriminatory pretext that plaintiff Aristeo had required his co-worker and named plaintiff Antonio to pay plaintiff Aristeo a $3,000 recruiting fee when the truth was that defendant Lopez had required plaintiff Antonio to make that recruiting fee payment to defendant Lopez as a term and condition of plaintiff Antonio's H-2A employment by the Polter defendants in 2017.

78A. The Polter defendants' decision to discharge plaintiff Aristeo on August 11, 2017 was intended to and did discriminate and retaliate against plaintiff Aristeo for exercising his rights under Section 34a to the minimum wage guaranteed by that Section of the Ohio Constitution and 29 U.S.C. § 206(a), for providing collective assistance to other employees who sought to exercise their rights to payment at those same minimum wage rates that had been violated by the defendants, and for exercising and asserting on behalf of himself and his fellow H-2A employees at Polter Berry Farm, Inc. the rights and protections afforded by 20 C.F.R. § 655.135(h)(2) and 655.135(h)(5), and 29 C.F.R. §§ 501.4(a)(2) and 501.4(a)(5). That decision also violated the terms of the Polter Berry Farm, Inc. job order contract with plaintiff Aristeo to not terminate the plaintiff's H-2A employment in 2017 except for

lawful job-related reasons as described in ¶51 above of this Complaint.

78B. Plaintiff Aristeo exercised those rights in the manner described in ¶78A above of this complaint with the assistance of one or more officers and employees of the labor union named Farm Labor Organizing Committee, AFL-CIO ("FLOC"). At the request of plaintiff Aristeo, representatives of FLOC personally communicated with defendant Anthony L. Polter on several occasions in the summer of 2017 before August 11, 2017 about all of the problems that are described in ¶¶55A, 55B, and 63-77 above.

78C. Plaintiff Aristeo has been unable to work since his discharge on August 11, 2017 because his H-2A visa only qualifies him to perform lawful work with Polter Berry Farm, Inc., and he is a Mexican citizen without any other employment authorization to work in this country.

78D. The defendants denied plaintiff Aristeo the contractual benefit of payment for the costs of outbound transportation and subsistence expenses that are described in ¶52 above of this Complaint.

79. When confronted with the actions of defendant Pedro Lopez that are described in ¶68-77 above, inclusive, the Polter defendants did not provide plaintiffs Aristeo, Antonio, Paz, Miguel, and Emiliano with the full amount of wages and liquidated damages required by Section 34a and Ohio R.C. §§ 4111.01(A), 4111.02, and 4111.14(J) and 29 U.S.C. §§ 206(a) and 216(b).

80. The recruiting fees paid by the named plaintiffs and the members of the two collective actions and class described in ¶¶22-23, 27-29, and 34 above that the plaintiffs seek to represent that are set out in ¶¶22-40, and 63-77, inclusive, above were primarily for the benefit of the defendants within the meaning of 29 C.F.R. §§ 531.3(d)(1), 531.32(a), 531.32(c), and 778.217.

81. To the extent that the recruiting fees payments described in ¶¶22-40, 55A, 55B, and 63-77, inclusive, above reduced the first workweek's wages paid on their regular Friday payday to the named plaintiffs and the members of the two collective actions and the class described in ¶¶22-40, inclusive, that the named plaintiffs seek to represent below the federal minimum wage and the Ohio minimum wage, the defendants failed to reimburse on or before that same first Friday payday the plaintiffs and the members of those same two collective actions and that same class for the amount of that reduction. With this failure to reimburse, the defendants also breached their contract of employment with the plaintiffs and the members of the class described in ¶¶33-40 above that the named plaintiffs seek to represent.

82. The defendants failed to reimburse the named plaintiffs and the members of the class described in ¶¶33-40 that the plaintiffs seek to represent for the expenditures described in ¶¶63-77, inclusive, above to the extent that those costs reduced the first workweek's wages of the plaintiffs and the members of the class they seek to represent below the AEWR. With this

33

failure to reimburse on or before the regular Friday payday for that first workweek's wage, the defendants also breached their contract of employment with the plaintiffs and the class of H-2A workers that the plaintiffs seek to represent that is described in ¶¶33-40 above.

83. Upon information and belief, the defendants did not contractually prohibit defendant Pedro Lopez from charging and collecting the recruiting fee that is described or referred to in ¶¶64-77 above.

84. Defendants were on notice of their obligations under the FLSA, Section 34a and R.C. 4111.01(A) and 4111.14, and applicable H-2A regulations through their multi-year employment of workers in Ohio under the H-2A program, and through their status as beneficiaries for several years before 2015 by an experienced H-2A Employer Agent, MAS Labor H-2A, LLC of Lovingston, Virginia.

XI.  FIRST CLAIM FOR RELIEF (FLSA)

85. Paragraphs 5 through 26 and 41-84 above are realleged and incorporated herein by reference by the named plaintiffs and the members of the FLSA collective action that are described in ¶¶22-24 above under the FLSA.

86. With the exception of named plaintiffs Jairo Perez-Gonzalez and Pedro Martinez-Gonzalez, the named defendants did not pay all named plaintiffs and the members of the FLSA collective action that are described in ¶¶22-24 above at the rate required by 29 U.S.C. § 206(a) for the work described in ¶¶8(a)-8(g), 22-24, 54-55, 56-57, and 68-77 above of this Complaint based upon the

34

Polter defendants' authorization and ratification of their agent and supervisor defendant Pedro Lopez's collection of recruiting fees as a term and condition of employment and the defendants' failure to reimburse as alleged in ¶¶79 and 81 above for the recruiting fees collected that are described in ¶¶55A, 55B, and 64-77 above when those expenditures were primarily for the benefit of the defendants and were prohibited by federal and state law.

87. As a result of these willful actions of the named defendants in reckless disregard of the rights of those same named plaintiffs and the members of the FLSA collective action that are described in ¶¶22-24 above, those same named plaintiffs and the members of that same FLSA collective action have suffered damages in the form of unpaid wages at the minimum rate required by the FLSA and back wages and liquidated damages may be recovered under 29 U.S.C. §§ 206(a) and 216(b).

XII.  <u>SECOND CLAIM FOR RELIEF (SECTION 34a and §§ 4111.14)</u>

88. With the exception of named plaintiffs Jairo Perez-Gonzalez and Pedro Martinez-Gonzalez, all named plaintiffs and the members of the Section 34a and Ohio R.C. § 4111.14(K) collective action that are described in ¶¶27-32 above reallege and incorporate by reference paragraphs 5 through 21, 27-32, 41-84 above pursuant to Section 34a and Ohio R.C. §§ 4111.01(A), 4111.02, and 4111.14.

89. With the exception of named plaintiffs Jairo Perez-Gonzalez and Pedro Martinez-Gonzalez, the named defendants did not pay all named plaintiffs and the members of the Section 34a and

Ohio R.C. § 4111.14(K) collective action that are described in ¶¶27-32 above at the minimum rate required by Section 34a and Ohio R.C. §§ 4111.01(A), 4111.02, and 4111.14 for the work described in ¶¶8(a)-8(g), 22-24, 54-57, and 68-77 above of this Complaint based upon the Polter defendants' authorization and ratification of their agent and supervisor defendant Pedro Lopez's collection of recruiting fees as a term and condition of employment and the defendants' failure to reimburse as alleged in ¶¶79 and 81 above for the recruiting fees collected that are described in ¶¶55A, 55B, and 64-77 above when those expenditures were primarily for the benefit of the defendants and were prohibited by federal and state law.

90. As a result of these willful actions of the named defendants in reckless disregard of the rights of all members of the Ohio R.C. § 4111.14(K)(2) collective action and all named plaintiffs other than named plaintiffs Pedro Martinez-Gonzalez and Jairo Perez-Gonzalez, those same plaintiffs and the members of that collective action have suffered damages in the form of unpaid wages at the minimum rate required by Section 34a and Ohio R.C. §§ 4111.01(A), 4111.02, 4111.14 and liquidated damages that may be recovered in the amount specified in Ohio R.C. §4111.14(J).

XIII. THIRD CLAIM FOR RELIEF (Contract AEWR wage)

91. Paragraphs 5 through 21, and 33 through 84 above are realleged and incorporated herein by reference by all named plaintiffs and each member of the "contract AEWR wage class" defined in ¶34 above of this complaint that all plaintiffs seek to

36

represent pursuant to Rule 23(b)(3), Fed.R.Civ.P., against defendants Polter Berry Farm, Inc. and Anthony L. Polter under the common law of employment contracts.

92. Defendants Polter Berry Farm, Inc. and Anthony L. Polter breached the express, implied, and/or constructive contracts described in ¶¶54-62 above when those same named defendants did not pay all wages due in the amounts that are described in ¶60-62 above when those wages were due under the terms of those same contracts to the plaintiffs and the members of the contract AEWR wage class defined in ¶34 above of this complaint that the plaintiffs seek to represent under Rule 23(b)(3), Fed.R.Civ.P., for the first workweek of the work described in ¶¶8(a)-8(g) and 68-77 above of this Complaint based upon the actions or omissions described in ¶¶63-83 above of this Complaint.

93. As a result of the actions or omissions of defendants that are described or referred to in ¶¶8(a)-8(g), and 54-84 above of this complaint, all named plaintiffs and each person who is a member of the contract AEWR wage class defined in ¶34 above of this complaint have suffered damages in the form of unpaid wages that may be recovered under the common law of contracts.

XIV. <u>FOURTH CLAIM FOR RELIF - RETALIATORY DISCHARGE, ARISTEO</u>

94. Paragraphs 6 through 21, and 54-93, inclusive, above are realleged and incorporated herein by reference by named plaintiff Aristeo against all defendants pursuant to 29 U.S.C. §§

215(a)(3) and 216(b) of the Fair Labor Standards Act ("FLSA"), Section 34a and Ohio R.C. §4111.14(J).

95. As alleged in ¶¶78-78B above, the defendants have unlawfully and wrongfully discharged and continue to discriminate and retaliate against plaintiff Aristeo because plaintiff Aristeo raised and pursued in good faith a complaint that the actions of the defendants that are described in ¶¶55A, 55B, 63-77, and 79-82 above of this Complaint violated his rights and the rights of his fellow H-2A employees at Polter Berry Farm, Inc. under 29 U.S.C. § 206(a), Section 34a, Ohio R.C. §§ 4111.01(A), 4111.02, and 4111.14, and the clearance order job contract provisions derived from 20 C.F.R. §§ 655.120(a), 655.122(l), 655.122(m), 655.135(e), and 655.135(j) to receive payment of all wages free and clear when due on his regular Friday payday at the minimum hourly rates required by 29 U.S.C. § 206(a) and Section 34a and Ohio R.C. §§ 4111.01(A), 4111.02, and 4111.14 without any *de facto* wage deduction for recruitment fees or wage kickbacks to be eligible for H-2A employment with Polter Berry Farm, Inc. in the year following his current employment or in the present year when such *de facto* wage deduction or kickback reduced his wages below the minimum rate prescribed by the FLSA and Section 34a and R.C. § 4111.02 for all hours worked in the workweek in which the *de facto* wage deduction or kickback actually occurred.

96. The actions of the defendants that are complained of in this claim were taken and are being taken in willful and

38

deliberate disregard of the plaintiff Aristeo's rights under 29 U.S.C. § 215(a)(3).

97. The actions of the defendants that are complained of in this claim were taken and are being taken with willful intent to discourage and impede the plaintiff Aristeo's efforts to pursue the vindication of his rights under the FLSA, Section 34a, Ohio R.C. §§ 4111.01(A), 4111.02, and 4111.14, and the terms of plaintiff Aristeo's job order contract with Polter Berry Farm, Inc. to payment of all of each workweek's earned wages to him when those wages due on his regular Friday payday.

98. Plaintiff Aristeo is an indigent migrant agricultural workers who survives and support his family from paycheck to paycheck. The defendants' willful discharge of plaintiff Aristeo and continuing discrimination and retaliation against him in their refusal to re-hire plaintiff Aristeo was and is likely to cause serious harm to plaintiff Aristeo and his ability to support his family.

99. The Polter defendants had available to it lawful procedures by which they could have conducted a reasonable investigation as to whether it was plaintiff Aristeo or defendant Lopez who received payment of $3,000.00 from plaintiff Antonio. They included private interviews of all other H-2A workers who arrived with plaintiff Antonio including but not limited to plaintiffs Paz, Miguel, and Emiliano. The Polter defendants willfully failed to do so when a search of plaintiff Aristeo's person and belongings would have demonstrated that he did not

39

possess $3000.00 in cash that he was accused of taking from plaintiff Antonio.

100. The defendants were fully aware of the probable and substantial economic consequences of their willful conduct, and especially of the abrupt and punitive way in which the Polter defendants terminated the plaintiff Aristeo's employment on August 11, 2017.

101. The Polter defendants are fully able to pay punitive damages, as evidenced by their revenues or net worth.

102. As a result of the intentional, deliberate, and willful actions of all defendants that are described or referred to in ¶¶63-78B, and 79-82, inclusive, above of this complaint, named plaintiff Aristeo has suffered damages, and he is entitled to payment of lost wages and an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) for the wages that he has lost as a result of his wrongful discharge on or about August 11, 2017, compensation for his lost transportation and subsistence compensation for his return trip to his home in Mexico pursuant to the job order contract provision described in ¶52 above, for the emotional distress and mental anguish that has suffered as a result of his wrongful discharge in an amount to be determined by a jury, and punitive damages in an amount to be determined by a jury.

XV.   CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF

103. Paragraphs 5 through 102 above are realleged and incorporated herein by reference by the named plaintiffs, the

40

members of the two collective actions alleged in ¶¶22-24 and 27-29, and the members of the class of persons defined in ¶34 above that they seek to represent against the defendants.

104. The parties named in this action, the members of the two collective actions alleged in ¶¶22-24 and 27-29, and the members of the class of persons defined in ¶34 above that the named plaintiffs seek to represent are in dispute as to their respective rights, privileges, obligations, and liabilities under the Fair Labor Standards Act, Section 34a of Article II, Ohio Constitution, Ohio R.C. §§ 4111.01(A), 4111.02, and 4111.14 and the rules promulgated by the Ohio Director of Commerce defining what deductions and charges are permitted from wages as that term is used in Section 34a of Article II, Ohio Constitution, Ohio R.C. §§ 4111.01(A), 4111.02, and 4111.14, multiples provisions contained in Titles 20 and 29 of the Code of Federal Regulations concerning payment of wages under the FLSA and the H-2A program and the prohibition against making wage deductions and requiring wage kickbacks of the type at issue in this lawsuit, and the common law of contracts, and require declaratory relief as to what those respective rights, privileges, obligations, and liabilities are.

WHEREFORE Plaintiffs respectfully request that the Court:

(a)  Grant a jury trial on all issues so triable;

(b)  Pursuant to 29 U.S.C. § 216(b) and Ohio R.C. § 4111.14(K), conditionally and finally certify the collective

41

actions described in ¶¶22-24 and 27-29 above as collective actions under the FLSA and Ohio R.C. § 4111.14(K);

(c)  Pursuant to Rule 23(b)(3), Fed.R.Civ.P., certify the plaintiffs as the representatives of the class alleged in ¶34 above;

(d)  Enter judgment against defendants Polter Berry Farm, Inc., Dan Polter, Carol Polter, Steve Polter, Anthony Polter, and Pedro Lopez, jointly and severally, and in favor of named plaintiffs Aristeo Blas-Lopez, Antonio De Jesus Chavez-Resendiz, Paz Vargas-Gonzalez, Miguel Angel Rojo-Trejo, Emiliano Juarez-Trejo, Jairo Gonzalez, and Pedro Martinez, and each member of the two collective actions alleged in ¶¶22-24 and 27-29 of this complaint under the FLSA and Section 34a and Ohio R.C. § 4111.14(K), and the class described in ¶34 above for compensatory damages, special damages, contract damages, and unpaid back wages, plus pre- and post-judgment interest at the full amount allowed by law;

(e)  Enter judgment against all named defendants listed in ¶(d) above of the prayer for relief, jointly and severally, and in favor of the plaintiffs named in ¶(d) above of the prayer for relief for unpaid back wages plus an equal additional amount in liquidated damages pursuant to 29 U.S.C. §§206 and 216(b) against all named defendants, jointly and severally, under the First Claim for Relief for the work described in ¶¶8(a)-8(g), 54-59, and 68-77 above by and for only the named plaintiffs;

42

(f)   Enter judgment on the Fourth Claim for Relief against each of the defendants, Polter Berry Farm, Inc., Dan Polter, Carol Polter, Steve Polter, Anthony Polter, and Pedro Lopez, jointly and severally, and in favor of named plaintiff Aristeo for the lost back wages and lost return transportation and subsistence payment that he has suffered as a result of his wrongful discharge on or about August 11, 2017, plus an equal additional amount in liquidated damages pursuant to 29 U.S.C. §§ 215(a)(3) and 216(b), plus monetary damages pursuant to 29 U.S.C. §215(a)(3) as compensation for the emotional distress and mental anguish that has suffered as a result of his wrongful discharge in an amount to be determined by a jury, plus an amount set by the court sufficient to compensate plaintiff Aristeo and to deter future violations of the anti-retaliation provisions of Section 34a, but not less than one hundred fifty dollars ($150.00) for each day that the violation continued pursuant to Ohio R.C. § 4111.14(J), and punitive damages in an amount to be determined by a jury pursuant to 29 U.S.C. § 215(a)(3), plus pre- and post-judgment interest at the full amount allowed by law under the Fourth Claim for Relief;

(h)   Award a reasonable attorneys' fee to the named plaintiffs pursuant to 29 U.S.C. § 216(b) and Section 34a of Article II, Ohio Constitution;

(i)   Award costs of court and other costs pursuant to 29 U.S.C. § 216(b) and any other applicable provision of Ohio law;

(j)   Award  such  other  relief  as  may  be  just  and  proper  in
this action.

This the 2nd day of October 2017.

Law Offices of Stephen B. Johnston

BY:/s/Stephen B. Johnston, Esq.
Stephen B. Johnston, Esq.
Ohio Bar #_0088965_____
Email - sbjlegal@gmail.com
316 N. Erie St. Ste.416
Toledo, OH 43604
419-244-9722 (tel)
419-449-9723 (fax)

LAW OFFICE OF ROBERT J. WILLIS, P.A.

BY:/s/Robert J. Willis
Robert J. Willis
Attorney at Law
NC Bar #10730
(mailing address)
P.O. Box 1828
Pittsboro, NC  27312
tel: (919) 821-9031
fax: (919)821-1763
rwillis@rjwillis-law.com

(street address)
488 Thompson Street
Pittsboro, NC  27312
Application to appear Pro Hac Vice
Pursuant to LR 83.5(h) pending

44

**CONSENT TO SUE**

I, ~~Cristao Blas Lopez~~ , hereby consent to be a
party under 29 U.S.C. §216(b) to this lawsuit to assert my right
to the lawful wage required by the Fair Labor Standards Act.

_____
SIGNATURE

_____9/28/17_____
DATE

## CONSENT TO SUE

I, _Aristeo Blas Lopez_____, hereby consent to be a party plaintiff under Section 4111.14(K)(2) of the Ohio Revised Code and Section 34a of Article II, Ohio Constitution, to this lawsuit to assert my right to the lawful wage required by the Section 34a of Article II, Ohio Constitution.



_____
SIGNATURE

8/16/17
_____
DATE

## CONSENT TO SUE

I, Antonio De Jesus Chavez Pasandar, hereby consent to be a party under 29 U.S.C. §216(b) to this lawsuit to assert my right to the lawful wage required by the Fair Labor Standards Act.

_____

SIGNATURE

_____

9/29/17

DATE

<u>**CONSENT TO SUE**</u>

I, _Antonio DeJesus Chavez Resendiz_ , hereby consent to be a party plaintiff under Section 4111.14(K)(2) of the Ohio Revised Code and Section 34a of Article II, Ohio Constitution, to this lawsuit to assert my right to the lawful wage required by the Section 34a of Article II, Ohio Constitution.

_____
SIGNATURE

_____8/18/17_____
DATE

## CONSENT TO SUE

I, __Paz Gonzalez Vargas__ , hereby consent to be a party under 29 U.S.C. §216(b) to this lawsuit to assert my right to the lawful wage required by the Fair Labor Standards Act.

_____
SIGNATURE

_____
9/29/17
DATE

<u>CONSENT TO SUE</u>

I, <u>Paz Vargua Gonzales</u>, hereby consent to be a party plaintiff under Section 4111.14(K)(2) of the Ohio Revised Code and Section 34a of Article II, Ohio Constitution, to this lawsuit to assert my right to the lawful wage required by the Section 34a of Article II, Ohio Constitution.

_____
SIGNATURE

_____8/18/17_____
DATE

## CONSENT TO SUE

I, __Miguel Angel Rojo-Trejo__, hereby consent to be a party under 29 U.S.C. §216(b) to this lawsuit to assert my right to the lawful wage required by the Fair Labor Standards Act.

_____
SIGNATURE

__9/29/17_____
DATE

## CONSENT TO SUE

I, _Miguel Angel Rojo Trejo_, hereby consent to be a party plaintiff under Section 4111.14(K)(2) of the Ohio Revised Code and Section 34a of Article II, Ohio Constitution, to this lawsuit to assert my right to the lawful wage required by the Section 34a of Article II, Ohio Constitution.

_____
SIGNATURE

_8/18/17_____
DATE

**CONSENT TO SUE**

I, _Emiliano Juarez Trejo_, hereby consent to be a
party under 29 U.S.C. §216(b) to this lawsuit to assert my right
to the lawful wage required by the Fair Labor Standards Act.

_Emiliano Juares_
SIGNATURE

_9/29/17_
DATE

## CONSENT TO SUE

I, _Emeliano Juarez Trejos_, hereby consent to be a party plaintiff under Section 4111.14(K)(2) of the Ohio Revised Code and Section 34a of Article II, Ohio Constitution, to this lawsuit to assert my right to the lawful wage required by the Section 34a of Article II, Ohio Constitution.



_____
SIGNATURE

_____
DATE

**CONSENT TO SUE**

I, _Jairo Gonzalez_ , hereby consent to be a
party plaintiff under 29 U.S.C. §216(b) to this lawsuit to
assert my right to the lawful wage required by the Fair Labor
Standards Act.

_____
SIGNATURE

_____7/10/17_____
DATE

## CONSENT TO SUE

I, _Jairo Gonzalez_ , hereby consent to be a
party plaintiff under Section 4111.14(K)(2) of the Ohio Revised
Code and Section 34a of Article II, Ohio Constitution, to this
lawsuit to assert my right to the lawful wage required by the
Section 34a of Article II, Ohio Constitution.

_____
SIGNATURE

_____
DATE

## CONSENT TO SUE

I, __Pedro Martinez_____, hereby consent to be a party plaintiff under 29 U.S.C. §216(b) to this lawsuit to assert my right to the lawful wage required by the Fair Labor Standards Act.

_____
SIGNATURE

_____7/10/17_____
DATE

## CONSENT TO SUE

I, _Pedro Martinez_ , hereby consent to be a
party plaintiff under Section 4111.14(K)(2) of the Ohio Revised
Code and Section 34a of Article II, Ohio Constitution, to this
lawsuit to assert my right to the lawful wage required by the
Section 34a of Article II, Ohio Constitution.

_____
SIGNATURE

_7/10/17_____
DATE